UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE F. FLOURNOY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 5297 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| PARTHASARATHI GHOSH, M.D., | ) | |
| TERRY MCCANN AND WEXFORD | ) | |
| HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION & ORDER**

Plaintiff Johnnie F. Flournoy, Jr. brought this action against Defendants Terry McCann, Parthasarathi Ghosh, and Wexford Health Sources, Inc. ("Wexford") (collectively, "Defendants"), based on Defendants' alleged failure to provide adequate medical treatment to Flournoy while he was incarcerated at the Stateville Correctional Center ("Stateville"). *See* Third Am. Compl. (Doc. No. 106). This matter comes before the court on Wexford's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Wexford's motion is granted.

### I. BACKGROUND

Flournoy suffers from glaucoma, a degenerative eye disease. Third Am. Compl. ¶ 12. While Flournoy was incarcerated at Stateville, Defendants allegedly failed to refill his prescriptions in a timely manner, and ignored his repeated requests to see an eye doctor. *See id.* ¶¶ 15-54. As a result of Defendants' neglect, Flournoy's condition worsened significantly. *See, e.g., id.* ¶ 33.

Flournoy filed a complaint against McCann, the warden of Stateville, Ghosh, the prison's medical director, and Wexford, a third-party medical contractor, stating claims

against McCann and Ghosh pursuant to 42 U.S.C. § 1983 and the common law of negligence. *See id*. ¶¶ 4-6, 55-79. Flournoy's claim against Wexford is for breach of contract. *See id*. ¶¶ 5, 80-83. At all times relevant to the complaint, Wexford was obligated under a contract with the Illinois Department of Corrections ("IDOC") to provide medical services to inmates at Stateville. *See id*. ¶¶ 7-8. The terms of the agreement are memorialized in the "Contract for Services Between Illinois Healthcare and Family Services Illinois Department of Corrections and Wexford Health Sources, Inc." (the "Contract"), attached as Ex. A to Flournoy's complaint. Wexford allegedly breached the Contract by failing to provide Flournoy with adequate medical care. *See id*. ¶ 82. Flournoy claims to be a "third party beneficiary" to the Contract such that he has standing to sue thereunder. *See id*. ¶ 81.

## II. STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct.1937, 1940 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, the allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl., Corp. v. Twombly,* 550

U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Wexford argues that Flournoy's breach of contract claim should be dismissed because Flournoy is not a third party beneficiary of the Contract, and therefore lacks standing to sue. According to Wexford, Flournoy "has not alleged, nor even alluded to, any facts or contract language which supports his conclusory statement that he is a third party beneficiary." Mot. ¶ 12 (Doc. No. 129). Flournoy argues that he is a third party beneficiary of the Contract because "the Contract expressly identifies a class of people—IDOC inmates—who are to receive the benefit of medical services . . . ."[1] Resp. at 4 (Doc. 134). In support of his argument, Flournoy points to language in the Contract requiring Wexford to "arrange for the provision of medical services to IDOC inmates … including but not limited to . . . pharmacy, . . . optical and specialty services." *Id.* (citing Contract ¶ 2.3.1). Both parties, however, have overlooked a key provision in the Contract which expressly disavows the existence of any third party beneficiaries.[2] *See* Contract ¶ 4.9.7.

---

[1] "Whether a plaintiff is a third-party beneficiary of a contract is a legal conclusion that [the court] need not accept for the purpose of a motion to dismiss." *Choi v. Chase Manhattan Mortgage Co.*, 63 F. Supp. 2d 874, 881 (N.D. Ill. 1999) (citing *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988)).

[2] Because Flournoy attached the Contract as Exhibit A to his Third Amended Complaint, the court will consider it in ruling upon Wexford's motion to dismiss. *See Minch v. City of Chi.*, 486 F.3d 294, 300 n.3 (7th Cir. 2007) ("[W]hen a complaint refers to and rests on a contract or other document that is not

3

Under Illinois law[3], there are two kinds of third party beneficiaries, intended and incidental. *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 758-59 (7th Cir. 2008). "An intended beneficiary is intended by the parties to the contract to receive a benefit for the performance of the agreement and has rights and may sue under the contract; an incidental beneficiary has no rights and may not sue to enforce them." *Id.* (citations omitted). "[T]here is a strong presumption against creating rights in a third-party beneficiary. To overcome this presumption the intent to benefit a third party must affirmatively appear from the language of the contract and the circumstances surrounding the parties at the time of execution." *Wallace v. Chi. Housing Auth.*, 298 F. Supp. 2d 710, 724 (N.D. Ill. 2003). Of course, "[e]xpress language in the contract identifying the third-party beneficiary is the best evidence of intent to benefit that party . . . ." *Id.* (quoting *Quinn v. McGraw-Hill Cos.*, 168 F.3d 331, 334 (7th Cir.1999)).

In *Christakos v. Intercounty Title Co.*, No. 99 C 8334, 2001 WL 138896, at * 2-4 (N.D. Ill. Feb. 16, 2001), plaintiff brought a class action against Intercounty for allegedly misappropriating escrow funds in connection with a series of real estate transactions. Plaintiff also brought claims against Fidelity, arguing that she was a third party beneficiary to a reinsurance agreement between Fidelity and Intercounty. *See id.* The *Christakos* court dismissed the plaintiff's claim against Fidelity, reasoning that:

> . . . the court need go no further than the reinsurance agreement itself, which expresses the intent of the parties *not* to confer third party beneficiary status on anyone. Here, the reinsurance agreement states 'REINSURANCE SOLELY FOR [Intercounty's] BENEFIT' and

---

attached to the complaint, a court might be within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss the complaint without converting the motion into one for summary judgment . . . ." )

[3] A choice-of-law provision in the Contract states that it "shall be construed in accordance with . . . the laws and rules of the State of Illinois." (Contract ¶ 4.9.3, Ex. A to Third Amend. Compl. (Doc. 106).)

4

> 'Nothing contained herein shall constitute as between [Intercounty] and Reinsurer . . . a contract for the benefit of a third party . . . .' Thus, plaintiff cannot be a third-party beneficiary to this contract.

*Id*. at *4 (citations omitted). The court held that "[p]laintiff's attempt . . . to argue the parties' intent based on matters outside the reinsurance agreement . . . cannot confer third-party beneficiary status where the language of the agreement is clear." *Id.*

*Anderson v. BASF Corp.*, No. 00 C 6804, 2001 WL 1035211, at *2-3 (N.D. Ill. Aug. 4, 2001), reached a similar result. Plaintiffs sued BASF for severance benefits pursuant to an asset purchase agreement between BASF and Chemdal, plaintiffs' former employer. *See id.* Plaintiffs argued that they were third party beneficiaries to the agreement, and therefore had the right to sue for breach. *See id.* The *Anderson* court dismissed plaintiffs' claim against BASF, pointing to a clause in the asset purchase agreement that stated:

> . . . (a) the provisions of this Agreement are solely for the benefit of the parties and are not intended to confer upon any person except the parties any rights or remedies hereunder and (b) there are not third party beneficiaries of this Agreement . . . .

*Id*. at *3. The *Anderson* court held that "the clear import of this provision is that . . . there are no third-party beneficiaries to the Purchase Agreement." *Id.*[4]

Like the agreements at issue in *Christakos* and *Anderson*, the contract between Wexford and IDOC contains an express provision disclaiming the existence of third party beneficiaries. Paragraph 4.9.7 of the Contract, titled "Third Party Beneficiaries," states unequivocally that:

> There are *no third party beneficiaries* to this Contract. This Contract is intended *only* to benefit the State, the Agency/Buyer, and the Vendor.

---

[4] *See also Golden v. Barenborg*, 53 F.3d 866, 870 (7th Cir. 1995) (affirming entry of summary judgment against purported third party beneficiary where "[t]he contract at issue here expressly states that it confers no rights on any party not a party to the contract.").

5

Contract ¶ 4.9.7 (emphasis added). The "State" is clearly defined as "the State of Illinois," the "Agency/Buyer" as "the Illinois Department of Corrections," and the "Vendor" as "Wexford Health Sources." *Id*. § 2.2. Thus, by its express terms, the Contract is intended to benefit only the State of Illinois, IDOC, and Wexford—no one else. As an individual who received (or was supposed to have received) treatment from Wexford, Flournoy is an "incidental beneficiary" who may not sue under the Contract. *See Ali v. D.O.C.*, Civil Action No. 08-2425(FSH), 2008 WL 5111274, at *5 (D.N.J. Nov. 25, 2008) (dismissing breach of contract claims because prisoner was not third party beneficiary to contract between prison and health services provider). Flournoy has failed to allege any facts or circumstances to suggest that Wexford or IDOC intended to make him a third party beneficiary of he Contract. Even if he had, "[allegations of] intent based on matters outside the . . . agreement . . . cannot confer third-party beneficiary status where the language of the agreement is clear." *Christakos*, No. 99 C 8334, 2001 WL 138896, at *4. In Flournoy's case, the language of the agreement could not be clearer. Accordingly, Wexford's motion to dismiss is granted.

### IV. CONCLUSION

Wexford's motion to dismiss is granted.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 27, 2010